IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| JOHANNA L. MCCULLAGH, )<br>)<br>**Plaintiff,** )<br>)<br>VS. )<br>)<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA, )<br>)<br>**Defendant.** ) | Case No.: 2:25-cv-2697 |

### COMPLAINT

COME NOW Plaintiff, Johanna L. McCullagh, by and through her attorney, and for her complaint against Defendant Unum Life Insurance Company of America, states as follows:

### PARTIES

1. Johanna L. McCullagh ("Plaintiff") is a resident and citizen of the State of Kansas.

2. Unum Life Insurance Company of America ("Defendant") is an out of state insurance company authorized to do business in the State of Kansas.

### JURISDICTION AND VENUE

3. Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).

5. This Court has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

1

6. Additionally, venue and jurisdiction are proper pursuant to 29 U.S.C. $ 1132(f). At all times relevant to this claim, the Plaintiff resided at the address noted above.

7. Venue lies in the District of Kansas under 29 U.S.C. § 1132(e)(2), as the breach occurred in this district, and because the welfare benefits plan is administered in this District.

8. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this District.

## INFORMATION REGARDING TRIAL

9. No jury trial is allowed under ERISA.

10. Trial is to be held in Kansas City, Kansas.

## BACKGROUND FACTS

11. At all times relevant, Plaintiff was an employee of Humana, Inc. (the "Employer").

12. At all times relevant, the Employer sponsored a Group Long Term Disability Plan for its participating employees (the "Plan").

13. The Plan constitutes an employee welfare benefit plan as defined by 29 U.S.C. § 1002(1).

14. The Plan offered long-term disability ("LTD") benefits to the Employer's covered and eligible employee participants.

15. At all relevant times, the Employer has been the Plan Administrator.

16. The Employer delegated to Defendant the function of issuing and administering LTD benefit claim determinations.

17. The Employer and Defendant are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1 (g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(2l)(A) and 29 C.F.R. § 2560.503-l(g)(2) (1999).

18. The Defendant is responsible for conducting any ERISA mandated claim evaluation, and the final review and decision on the claim rests with the Defendant and with no other entity.

19. The Defendant, based upon information and belief, has made all of the decisions regarding Plaintiff's claim for disability benefits in this case.

20. Defendant's group insurance policy (the "Policy") funded the Plan's LTD benefits.

21. Under the terms of the Plan and the Policy, Plaintiff has been a Plan participant and covered employee.

22. While employed with Employer, and while covered by the Plan for employees of the Employer, Plaintiff became disabled as that term is defined by the Plan.

23. Plaintiff worked for the Employer until she became disabled.

24. At all times relevant, the Plaintiff has met the Plan's definition of disability.

25. The Plan provides for lost income benefits.

26. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

27. On or about June 13, 2025, Unum issued a "Claim Denial Letter" denying Plaintiff's claim for benefits.

28. On or about July 21, 2025 and again on or about October 15, 2025, Plaintiff appealed the denial of benefit decisions and provided new, additional documentation and information in support of her appeal.

29. The Plaintiff has exhausted pre-litigation remedies and that process ended by way of a "Final Denial Letter" sent by the Insurance Company on October 24, 2025.

30. The Plaintiff is entitled to long-term disability benefits under the Plan, including past due benefits; future benefits (if any); pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

31. The Plaintiff is entitled to these benefits because the benefits are permitted under the Policy; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits; and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

32. By refusing to pay benefits, Defendant has violated the plain language of the Plan; 29 U.S.C. 1104 (fiduciary duties); and 29 U.S.C. 1133 (claims procedure).

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

33. Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

34. Plaintiff is entitled to all unpaid and accrued long-term disability benefits, as Defendant:

   a) Made an adverse benefit decision without substantial evidence;

   b) Failed to consider each of Plaintiff's medical impairments;

   c) Failed to properly consider and assess medical records and opinions;

   d) Failed to provide its reviewing personnel all relevant evidence;

   e) Failed to properly communicate with Plaintiff's treating medical providers;

   f) Improperly characterized Plaintiff's occupation and did not consider all relevant duties of such occupation;

   g) Failed to adequately apply the Policy's applicable provisions, including each component of the definition of "disabled";

  h) Afforded inappropriate weight to non-treating and non-examining consultants over physicians with personal and historical experience treating Plaintiff;

  i) Violated its internal guidelines and claims processing procedures;

  j) Did not serve as an impartial administrator of claims; and

  k) Issued an unfavorable decision that was arbitrary and capricious.

35. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Plaintiff is entitled to an award of actual damages for losses suffered, including past and future benefits.

36. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

37. Defendant has not satisfied its obligation to pay Plaintiff benefits.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Plaintiff prays for an order and/or judgment against Defendant declaring: (i) that no deference shall be granted to the Defendant's decision to deny benefits; (ii) that Plaintiff is entitled to long-term disability benefits under the Policy; (iii) that Plaintiff is entitled to payment of unpaid past benefits and for reinstatement and payment of future monthly benefits; (iv) that Plaintiff is entitled to an award of attorney's fees and costs; (v) that Plaintiff is entitled to pre- and post-judgment interest; and (vi) for further relief as the Court deems just.

COUNT II
29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

38. Plaintiff realleges paragraphs 1-37 as if fully set forth herein.

39. 29 U.S.C. § 1002(21)(A) defines a fiduciary as one who:

"exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting

management or disposition of its assets, [. . .] he has any discretionary authority or discretionary responsibility in the administration of such plan."

40. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

"[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

41. As the Plan's designated claims administrator and entity exercising discretion in claims administration, Defendant is a fiduciary.

42. At all relevant times, Plaintiff has been and continues to be an eligible beneficiary and participant in the Plan.

43. Defendant's actions as a fiduciary are governed by a higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008).

44. Defendant operates under an inherent structural conflict of interest because it is both the payor of benefits and entity responsible for benefits determinations.

45. Defendant mischaracterized Plaintiff's medical condition, occupational limitations and restrictions, and her complaints. Defendant conducted a review of her claim to unjustifiably minimize her medical condition and maximize Plaintiff's functional abilities for the predetermined purpose of denying her benefits. This was a breach of Defendant's fiduciary duty.

46. Defendant failed to adequately interpret the Policy's provisions, including each component of what constitutes Plaintiff's disability, and in so doing, Defendant breached its fiduciary duty.

47. Defendant's review was inconsistent with its own guidelines and procedures.

48. Upon information and belief, Defendant's claims handlers have not complied with documented instructions involving the administration of disability claims and vocational

reviews. In failing to comply with its internal guidelines and claims processing procedures, Defendant breached its fiduciary duty.

49. Defendant did not compensate and use its medical and vocational consultants for the exclusive purpose of providing benefits to Plan participants or for the purpose of defraying reasonable expenses in administering the Plan. Instead, Defendant contracted with these consultants for the purpose of denying benefits, compensating them at rates that did not comport with its duty to defray reasonable expenses. This conduct further substantiates a breach of Defendant's fiduciary duties.

50. In failing to properly consider Plaintiff's complete medical condition, her impairments and limitations, and her complaints, Defendant breached its fiduciary duties of competence and loyalty.

51. Defendant terminated Plaintiff's benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

52. Defendant's decision terminating Plaintiff's benefits and its conduct in administering claims are a part of a larger systematic breach of fiduciary obligation.

53. Defendant failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty to both Plaintiff and the Plan's participants and beneficiaries generally.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and §1132(a)(2), Plaintiff prays for: (i) an injunction preventing further unlawful acts by Defendant in its fiduciary capacity; for declaratory judgment to determine the Plan's liability; (ii) an equitable accounting of benefits that Defendant has withheld; (iii) disgorgement of profits enjoyed by Defendant in withholding benefits; (iv) for restitution under a theory of surcharge; (v) for the Court's

imposition of a constructive trust; (vi) for specific performance; (vii) for an award of attorney fees; (viii) for an equitable order removing Defendant as the administrator of claims; and (ix) for further relief as the Court deems just.

## COUNT III
## STATUTORY AND REGULATORY NONCOMPLIANCE

54. Plaintiff realleges paragraphs 1-53 as if fully set forth herein.

55. ERISA imposes on administrators the duty to establish and maintain reasonable claims procedures. 29 C.F.R. § 2560.503-1(b).

56. 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h) give Plaintiff the right to a full and fair review on appeal.

57. In addition, 29 C.F.R. § 2560.503-1(b)(7) requires that an administrator ensure that "all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision."

58. Pursuant to 29 U.S.C. § 1029 and § 1132(a)(1)(A), an administrator must furnish to a claimant like Plaintiff certain information.

59. 29 C.F.R. § 2560.503-1(h)(2)(iii) sets forth specific information and documents that an administrator must provide to a claimant, including information relevant to the claim. 29 C.F.R. § 2560.503-1(m)(8).

60. Plaintiff has been harmed by Defendant's failure to provide him with an adequate description of the information necessary to perfect her claim, as well as an explanation of why that information is necessary, as required by 29 C.F.R. § 2560.503-1(g)(1).

61. This failure affords Plaintiff the right to pursue any remedy under Section 502(a) of ERISA, including § 1132(a)(3). 29 C.F.R. § 2560.503-1(l)(2)(i).

62. Defendant's failure to comply with statutory and regulatory requirements subject

its decision to a *de novo* standard of review.

WHEREFORE, Plaintiff prays for an order and/or judgment against Defendant declaring that no deference shall be granted to the Defendant's decision to deny benefits, that such decision shall be reviewed under a *de novo* standard of review and for further relief as the Court deems just.

Respectfully submitted,

LAW OFFICE OF KEVIN J. MCMANUS, LLC

*/s/ Kevin J. McManus*
Kevin J. McManus              KS No. #23019
1100 Main Street, Suite 2300
Kansas City, MO 64105
(816) 631-1058 / FAX: (816) 722-2461
kevin@kevinmcmanuslaw.com
ATTORNEY FOR PLAINTIFF